### BIEBER v. KIRSHAM et al.

(Supreme Court, Appellate Term. June 24, 1910.)

MASTER AND SERVANT (§ 40*)—CONTRACT OF EMPLOYMENT—ACTION FOR BREACH.

The evidence in an action for damages for breach of contract of employment *held* insufficient to sustain the verdict for plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 40.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Bernard Bieber against Harry Kirsham and Abraham Kirsham. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Lester W. Eisenberg, for appellants.

Manheim & Manheim, for respondent.

BIJUR, J. Plaintiff sued to recover damages for breach of contract of employment, claiming to have been discharged during the term for which he was engaged. He testified that he came to defendant on August 30, 1909, saying that he was recommended by a mutual friend, and that he asked $20 per week wages, to which defendant replied that he would pay $18 per week, and immediately engaged him until Christmas as foreman in defendants' tailoring establishment, and that on September 25th he was discharged without cause.

Defendants testified that, when plaintiff applied for work, they engaged him for a week on trial, and thereafter from week to week, and the plaintiff left of his own accord. Defendants' bookkeeper, a lady, gave testimony corroborating the defendants' story of the employment, although it seems possible that some conversation might have occurred which she might not have heard. Defendants' foreman, in another's employ at the time of the trial, testified that on the date of the alleged discharge plaintiff left the factory with the witness, after receiving his weekly wages, without any conversation or protest about his discharge. Plaintiff, when confronted with the fact that he had been paid his first week's wages on August 28th, although he said he had not been employed until August 30th, admitted that he may have been mistaken in the dates. Similarly, when it was shown that the date of the alleged discharge was a religious holiday

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

observed both by himself and the defendants, he admitted that it might have been the 24th. He did not bring suit until February 10, 1910. Plaintiff's testimony is flatly contradicted in whole by the defendants, and in important particulars by the bookkeeper and by the disinterested former foreman. His story is on its face improbable, and, finally, we have the contradictions and errors in his testimony, some of which only have been hereinabove referred to.

It is evident that, under the circumstances, the jury must have been influenced by sympathy or some other motive rather than by the testimony, the weight of which is so clearly against the plaintiff both in number of witnesses, character of testimony, and surrounding circumstances as to require a reversal.

Judgment reversed and new trial ordered, with costs to appellants to abide the event. All concur.